UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PULSE SUPPLY CHAIN SOLUTIONS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-2706-B |
| ANDRE TAGLIAMONTE and STEVE EMERY, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Andre Tagliamonte ("Tagliamonte") and Steve Emery ("Emery") (collectively, "Defendants")'s Motion to Dismiss and Brief in Support (Doc. 9). For the reasons given below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## I.

## BACKGROUND[1]

This is a breach of nondisclosure and distribution agreements case. Plaintiff Pulse Supply Chain Solutions, Inc. ("Pulse") "[was] in negotiations for Noetic, Inc. ('Noetic'), to supply to Pulse cell phones for Pulse to re-sell to Pulse's customers." Doc. 1-1, Original Pet., ¶ 1. In the course of negotiations, Tagliamonte and Emery, "two of Noetic's key employees . . . executed Nondisclosure Agreements" to gain access to information including "the identity of Pulse['s] customers or prospective customers, including . . . TracFone." *Id.* ¶¶ 2–3. Eventually, Pulse and Noetic "entered into a Distribution Agreement, which established Pulse as Noetic's agent to sell certain products . . .

---

[1] The Court derives this factual statement from the allegations in Plaintiff's Original Petition (Doc. 1-1).

[to] certain accounts . . . includ[ing] . . . TracPhone." *Id.* ¶¶ 11–12. But instead of adhering to this Distribution Agreement and in violation of their Nondisclosure Agreements, Pulse claims Tagliamonte and Emery "cut Pulse out" and "sold directly to TracFone." *Id.* ¶¶ 4, 13.

On July 27, 2021, Pulse filed suit against Tagliamonte and Emery in Texas state court, seeking damages for breach of the Nondisclosure Agreements ("Count One") and of the Distribution Agreement ("Count Two"), declaratory judgments that the Defendants signed and breached the Nondisclosure Agreements ("Count Three"), and attorneys' fees ("Count Four"). Doc. 1-1, Original Pet. Defendants were served with process on October 8, 2021, Doc. 1-2, Ex. B, 10, and timely removed the action to this Court. Doc. 1, Not. Removal.

Defendants now move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 9, Mot. The motion is fully briefed and ripe for review. *See* Doc. 11, Resp.; Doc. 15, Reply. The Court considers it below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). But the court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotation marks and alterations omitted).

The Court's review under Rule 12(b)(6) is limited to a plaintiff's allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the plaintiff's claims. *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Otherwise, "the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c)." *Id.*

## III.

## ANALYSIS

Defendants argue that Pulse's claims should be dismissed for three reasons. First, they argue that Pulse fails to state a claim upon which relief can be granted because, according to Pulse's complaint, "Defendants were 'Key Noetic Employees' and acting as such during the relevant period." Doc. 9, Mot., 1. Defendants claim this means that under Texas law they cannot be held "personally liable for any damages flowing from alleged breaches" of "contracts arising during negotiations

between Pulse and Noetic," so the Court should dismiss with prejudice Pulse's claims that Defendants, individually, breached the Nondisclosure Agreements (Count Two) and Distribution Agreement (Count One). *Id*. Second, Defendants argue that Counts Three and Four should be dismissed as redundant of Count One. *Id*. at 6–7. Finally, Defendants argue that, in light of Pulse's "almost identical" action now pending against Noetic in Texas state court, this Court should decline to exercise jurisdiction in this suit pursuant to the *Colorado River* abstention doctrine. *Id*. at 1, 7–8.

Below, the Court first addresses whether it should abstain from considering Pulse's claims against Tagliamonte and Emery. *See Hill v. Union Pac. R.R. Co.*, 2010 WL 4627731, at *1 (N.D. Tex. Nov. 3, 2010) (noting that abstention is a threshold question). Finding that abstention is not warranted under the *Colorado River* doctrine, the Court turns to the merits of the motion to dismiss and finds that the breach of Distribution Agreement claim (Count Two) but not the breach of Nondisclosure Agreements claim (Count One) fails as a matter of law. Thus, the Court dismisses with prejudice Count Two but denies the motion as to Count One. Finally, the Court dismisses Counts Three and Four as redundant of Count One.

A.   *Whether the Court Should Abstain from Resolving this Dispute*

Defendants argue that, in light of Pulse's "almost identical" action now pending against Noetic in Texas state court, this Court should decline to exercise jurisdiction in this suit. Doc. 9, Mot., 1–2, 7–8. Under certain circumstances, a federal court may abstain from resolving a parallel dispute that is also pending in state court in the interests of "conservation of judicial resources and comprehensive disposition of litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). This is known as the *Colorado River* abstention doctrine.[2] The Fifth Circuit

---

[2] "One of two standards govern the propriety of a decision to stay based on considerations of wise judicial administration, depending on whether the federal suit is purely declaratory or seeks other relief." *Am.*

has noted that under *Colorado River* a district court "may abstain from a case that is part of parallel, duplicative litigation only under 'exceptional' circumstances." *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002). The analysis proceeds in two steps.

First, as a threshold matter, the court determines whether the litigation is parallel. *See RepublicBank Dall. Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987); *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 n.7 (5th Cir. 2006) (noting that the *Colorado River* abstention doctrine "only applies when there are parallel proceedings pending in federal and state court"); *see also Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) ("[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*."). Parallel actions "involv[e] the same parties and the same issues." *McIntosh*, 828 F.2d at 1121.

Second, if the litigation is parallel, the court considers six factors in determining whether "exceptional circumstances" exist:

> (1) assumption by either court of jurisdiction over a res, (2) relative inconvenience of the forums, (3) avoidance of piecemeal litigation, (4) the order in which jurisdiction was obtained by the concurrent forums, (5) to what extent federal law provides the rules of decision on the merits, and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Kelly Inv., Inc.*, 315 F.3d at 497. "Only the clearest of justifications will warrant" abstention under this doctrine as "federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction given them." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15–16 (1983)

---

*Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250 (5th Cir. 2005) (citing *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994)). "If the federal suit seeks only a declaration of rights, the district court's discretion to stay or dismiss the suit is governed by a standard derived from *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942)." *Id.* at 250. By contrast, where, as here, a plaintiff seeks damages in addition to a declaration, the decision to stay or dismiss due to a concurrent state action is governed by the standard set forth in *Colorado River*. *See id.* at 251.

(quoting *Colorado River*, 424 U.S. at 819) (cleaned up).

Defendants argue that the actions are "almost identical" and four of the six *Colorado River* factors weigh in favor of abstention. Doc. 9, Mot., 1–2, 8–9. Pulse has not meaningfully addressed Defendants' *Colorado River* argument, except to explain that "[t]hrough Defendants' own actions, Pulse cannot consolidate the suit against Defendants with the Noetic Suit" (as it hoped to do prior to removal), Doc. 11, Resp., 7, and to claim that "Defendants . . . cannot be bound by the results of the Noetic Suit[,] . . . [so] Pulse should be free to pursue its claims against Defendants for damages for breaching the Nondisclosure Agreements" in the instant suit. *Id.*

The Court finds that *Colorado River* abstention is not warranted because the cases are not parallel. *Cf. McIntosh*, 828 F.2d at 1121 ("It is true that the general subject matter of the two actions is the same, and that . . . [there] is a common issue between them. . . .[H]owever, . . .the parties are not the same."). In the state suit, the parties are Noetic and Pulse. *See* Doc. 9, Mot., 3. In the instant suit, Pulse asserts claims against Tagliamonte and Emery, individually. Doc. 1-1, Original Pet. So, while piecemeal litigation might have been avoided by joining the individual Defendants in the original action—as Pulse asserts it hoped to do by consolidating the two suits in state court after it missed its deadline to join Emery and Tagliamonte in the Noetic suit, Doc. 11, Resp., 1–2—at this point the state action will not necessarily resolve all claims against Defendants, individually. Further, Emery and Tagliamonte are the parties invoking federal jurisdiction and also the parties urging the Court to abstain. *See* Doc. 1, Not. Removal, Doc. 1, Mot. The Court will not allow these removing Defendants to use federal jurisdiction as a shield against consolidation and a sword against prompt resolution of the dispute. *Cf. Titan Wrecking & Env't, LLC v. Vestige Redevelopment Grp. LLC*, 2016 WL 1028261, at *4 (S.D. Ohio Mar. 15, 2016).

Accordingly, the Court finds that abstention is not warranted. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 15. The Court now turns to the merits of the motion to dismiss.

B.      *Whether Defendants Can Be Held Individually Liable for Breach of the Contracts*[3]

   1.      The Distribution Agreement (Count Two)

Pulse pleads that "Defendants violated and breached [Pulse and Noetic's] Distribution Agreement when they caused Noetic to bypass Pulse, and sold directly to TracFone." Doc. 1-1, Original Pet., ¶ 13.

The Court finds that Pulse has not stated a claim that Tagliamonte and Emery are personally liable under Texas law for any breach of the Distribution Agreement. *See, e.g., Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 428 (5th Cir. 2003) (stating that under Texas law "[i]t is well established that an agent acting for a disclosed principal is not liable for claims arising out of contracts executed by the agent on behalf of its principal" unless the parties have "alter[ed] this general rule by agreement"). Pulse pleads that "Pulse and . . . Noetic . . . entered into a Distribution Agreement." Doc. 1-1, Original Pet., ¶ 11. Pulse does not plead that Tagliamonte or Emery entered into the Distribution Agreement in a personal capacity. *See* Doc. 1-1, Original Pet. Though Pulse appears to argue that one or both Defendants ratified the Distribution Agreement, *see* Doc. 11, Resp., 4–5, it again does not explain why any ratification would have been personal to

---

[3] Pulse asserts that "Defendants attached exhibits to their motion [to dismiss,] which converts it to a motion for summary judgment under Rule 56." Doc. 11, Resp., 1. While the Court has taken judicial notice of the identity of the parties and of the nature of the claims asserted in the state court suit, as required to determine whether the actions are parallel in the *Colorado River* analysis above, the Court does not find it appropriate to convert this motion to one for summary judgment and has considered only the content of Plaintiff's pleadings in determining the merits of Defendants' motion to dismiss. *See Causey*, 394 F.3d at 288.

Defendants and not on behalf of Pulse. Indeed, Pulse's Response concedes that Defendants are not personally liable for breach of the Distribution Agreement:

> Defendants contend that they cannot be liable for breach of contract. Defendants confuse the Distribution Agreement between Noetic and Pulse . . . with the Nondisclosure Agreements that Defendants themselves signed. Pulse is not seeking damages from Defendants Noetic's [sic] breaching of the Distribution Agreement. Pulse is suing Defendants for their breaching of the Nondisclosure Agreements.

Doc. 11, Resp., 6–7.

Accordingly, the Court **DISMISSES WITH PREJUDICE** Count Two.

2.  The Nondisclosure Agreements (Count One)

Turning to the Nondisclosure Agreements, the Court finds that Pulse has satisfied Rule 8's pleading requirements for this breach claim. *See Iqbal*, 556 U.S. at 678. Pulse pleads that while it was negotiating with Defendants on behalf of Noetic, "[o]n about November 5, 2019, . . . Tagliamonte and . . . Emery . . . executed Nondisclosure Agreements to induce Pulse to disclose Proprietary Information." Doc. 1-1, Original Pet., ¶¶ 1–2. The proprietary information Pulse alleges it disclosed to Defendants included "the identity of Pulse customers or prospective customers, including . . . TracFone." *Id*. ¶ 3. Pulse claims that Defendants violated the Nondisclosure Agreements by using this information to cause Noetic to directly sell to TracFone and that "Defendants are responsible for their respective violations of the Nondisclosure Agreements." *Id*. ¶ 4.

Defendants argue that because Pulse identifies Defendants as "key Noetic employees" they cannot be held liable for the Nondisclosure Agreement breach under Texas law holding that "individual officers, directors, or stockholders [are not] liable on the obligations of a corporation except where it appears the individuals are using the corporate entity as a sham to perpetrate a fraud." Doc. 9, Mot., 5. (quoting *Pabich v. Kellar*, 71 S.W.3d 500, 507 (Tex. App.—Fort Worth Feb.

28, 2002, pet. denied)). Defendants argue that "Plaintiff does not contend that . . . Tagliamonte and . . . Emery somehow operated Noetic as a sham company" and has not pleaded facts that would "permit [Noetic's] corporate acts to be imputed to [the Defendants as] individuals." *Id.*

Taking Pulse's pleadings as true, the Court accepts as plausible the allegations that Defendants are personally responsible for breach of the Nondisclosure Agreements each allegedly signed. Though these pleadings are sparse, Pulse presents some factual enhancement for its assertion that Defendants entered and breached the Nondisclosure Agreements. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Specifically, Pulse pleads: the date on which both Defendants signed the Nondisclosure Agreements, some specific information that Pulse disclosed pursuant to the Nondisclosure Agreements, how Defendants used that information in alleged breach of the agreement, and that Defendants "are responsible for their respective violations of the Nondisclosure Agreements." *See* Doc. 1-1, Original Pet., ¶¶ 1–4. Pulse also adequately pleads that it was injured by these breaches because it was cut out of sales to TracFone. *Id.* ¶¶ 5–8.

*Paselk v. Bayview Loan Servicing., LLC*, cited by Defendants in support of their argument that they cannot be held personally liable for breach of the Nondisclosure Agreements, is inapposite for several reasons. *See* Doc. 9, Mot., 5 (citing 2014 WL 12635934, at *3 (E.D. Tex. April 17, 2014)). First, *Paselk* involved a pro se plaintiff, whose pleadings are construed more liberally than are pleadings filed by represented parties like Defendants, so it is not a direct analog for the instant Rule 8 analysis. *See* 2014 WL 126353934, at *3. And setting that distinction aside, *Paselk* stands for the proposition that a plaintiff alleging breach of contract based on "the actions of a corporate agent on behalf of the corporation" must plead some basis for an exception to the general rule barring imputation of those actions to the individual. *See id.* (discussing *Holloway v. Skinner*, 898 S.W.2d 793,

795 (Tex. 1995). Here, by contrast, Pulse pleads that each individual Defendant signed the Nondisclosure Agreement and is "responsible for their respective violation[]" of that agreement. Doc. 1-1, Original Pet., ¶ 4. At this procedural posture, the Court finds this a sufficient allegation that the Defendants signed these agreements in their personal capacities, not on behalf of Pulse. Without looking beyond the pleadings, the fact that Pulse had each employee execute an agreement suggests that the agreements were personal and not on behalf of Noetic—otherwise, two agreements would be redundant.

Accordingly, the Court **DENIES** the motion to dismiss as to Count One.

C.   *The Court Dismisses Plaintiff's Redundant Counts Three and Four*

As a final matter, Defendants argue that the Court should dismiss as redundant Plaintiff's Counts Three and Four, which respectively seek declaratory judgments regarding the alleged breach of the Nondisclosure Agreements and attorneys' fees. Doc. 9, Mot., 6–7 (first citing *Merritt Hawkins & Assocs., LLC v. Gresham*, 2014 WL 685557, at *3 (N.D. Tex. Feb. 21, 2014); then citing *Kougl v. Xspedius Mgmt. Co.*, 2005 WL 1421446, at *4 (N.D. Tex. June 1, 2005); and then citing *Evanston Ins. Co. v. Graves*, 2013 WL 4505181, at *1–2 (N.D. Tex. Aug. 23, 2013)). Defendants argue that the issues of the Nondisclosure Agreement's signing and breach will be necessarily resolved in Count One and that the availability of attorneys' fees likewise depends on a favorable resolution of Count One. *Id.* Plaintiff has not responded to this argument. *See* Doc. 11, Resp.

The Court agrees with Defendants that the declaratory judgment and attorneys' fees claims are redundant and should be dismissed. *Cf. Setliff v. Zoccam Techs., Inc.*, 2022 WL 504395, at *4–6 (N.D. Tex. Feb. 18, 2022)(dismissing claims as duplicative of a breach-of-contract claim). Accordingly, Counts Three and Four are **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff

prevail on its remaining breach-of-contract claim it may seek attorneys' fees consistent with Texas law governing that claim.

## IV.
## CONCLUSION

For the reasons given above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss under Rule 12(b)(6) (Doc. 9). Specifically, the Court **DENIES** the motion as to Count One, breach of contract based on the Nondisclosure Agreements. The Court **GRANTS** the motion as to Counts Two, Three, and Four. Count Two is **DISMISSED WITH PREJUDICE**. Counts Three and Four are **DISMISSED WITHOUT PREJUDICE** as redundant of Count One.

**SO ORDERED**.
**SIGNED: May 9, 2022.**

                        JANE J. BOYLE
                        UNITED STATES DISTRICT JUDGE