UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PULSE SUPPLY CHAIN SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANDRE TAGLIAMONTE and STEVE EMERY, <br><br> Defendants. | § § § § § § § § § § § § § CIVIL ACTION NO. 3:21-CV-2706-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Andre Tagliamonte and Steve Emery (collectively, "Defendants")'s Motion for Rule 11 Sanctions (Doc. 16). For the following reasons, the Court **DENIES** the motion.

### I.

### BACKGROUND[1]

Defendants filed their Motion for Sanctions against Plaintiff Pulse Supply Chain Solutions, Inc. ("Plaintiff") and its counsel, Mr. Brian Erikson ("Mr. Erikson"), on February 3, 2022. *See* Doc. 16, Mot. Defendants state that the motion "[was served] on Plaintiff's counsel [on January 6, 2022,]" more than twenty-one days before the motion was filed, and Plaintiff does not contend otherwise. Doc. 16, Mot., 9; *see* Doc. 17, Pl.'s Resp.; Fed. R. Civ. P. 11(c)(2). Accordingly, the motion is ripe for review. The Court considers it below.

---

[1] The Court recounts the information relevant to this motion. For a fuller discussion of the parties' dispute see *Pulse Supply Chain Sols., Inc. v. Tagliamonte*, 2022 WL 1457972, at *1 (N.D. Tex. May 9, 2022).

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 11 permits a party to move for sanctions when a non-moving party improperly certifies that "a pleading, written motion, or other paper . . . is not being presented for any improper purpose . . . ; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument . . . ; the factual contentions have evidentiary support . . . ; [or] the denials of factual contentions are warranted on the evidence." Fed. R. Civ. P. 11(b), (c)(2). "[A] district court should 'evaluate[ ] an attorney's conduct at the time a pleading, motion, or other paper is signed.'" *Tejero v. Portfolio Recovery Assocs., L.L.C*, 955 F.3d 453, 458 (5th Cir. 2020) (quoting *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 874 (5th Cir. 1988) (en banc) (quotation omitted)).

In determining whether a pleading violates Rule 11(b), the court uses an objective standard of reasonableness focusing upon the instant when counsel signs the pleading presented to the court. *United States v. Alexander,* 981 F.2d 250, 252 (5th Cir. 1993). At that moment, if "a reasonable amount of research would have revealed to the attorney that there was no legal foundation for the position taken," Rule 11 has been violated. *Jordaan v. Hall,* 275 F. Supp. 2d 778, 787 (N.D. Tex. 2003); *see also Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 444 (5th Cir. 1992) (noting that although an attorney "need not provide an absolute guarantee of the correctness of the legal theory advanced in the paper he files . . . [he] must certify that he has conducted reasonable inquiry into the relevant law") (citing *City of El Paso v. City of Socorro*, 917 F.2d 7, 8 (5th Cir. 1990)).

III.

ANALYSIS

Plaintiff originally asserted two breach-of-contract claims in its Complaint: Breach of Nondisclosure Agreement ("Count One") and Breach of Distribution Agreement ("Count Two"). Doc. 16, Defs.' Mot., 4. Defendants primarily argue that Rule 11 sanctions are appropriate because Plaintiff's Complaint has no basis in fact or law. *Id.* They ask the Court to impose sanctions on Plaintiff and award attorneys' fees for defending against these claims and "presenting the sanctions issue for adjudication." *Id.* at 10.

The Court will analyze whether each count can support Rule 11 sanctions, starting with Count One. Then the Court addresses whether the failure to meet and confer warrants sanctions, and finally whether Defendants should be sanctioned for filing the instant motion.

A. *The Nondiscosure Agreement (Count One)*

First, in the wake of the Court's recent decision regarding Defendants' motion to dismiss (Doc. 24), the Court concludes that Count One will not support sanctions as it possesses a sufficient factual and legal basis. *Pulse Supply Chain Sols., Inc. v. Tagliamonte*, 2022 WL 1457972, at *5 (N.D. Tex. May 9, 2022) (denying Defendants' motion to dismiss Count One).

B. *Breach of Distribution Agreement (Count Two)*

Next, concerning Count Two, the Court must first determine whether Plaintiff's Complaint, originating as a petition in state court, can be a basis for Rule 11 sanctions after removal to federal court. Plaintiff claims in its response to Defendants' motion to stay discovery that Rule 11 is inapplicable to state court filings, so sanctions cannot be imposed as a procedural matter. Doc. 21, Pl.'s Resp. Mot. Stay Discovery, 3 (citing *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 245-46 (5th

Cir. 1998)). Defendants, in contrast, note that the Fifth Circuit has held that Rule 11 may apply to pleadings filed in state court in a case later removed to federal court if, after "their deficiency ha[s] been promptly brought to the attention of the pleader after removal, he (or she) refuses to modify them to conform to Rule 11." Doc. 19, Defs.' Reply, 2 (quoting *Foval v. First Nat'l Bank of Com. in New Orleans*, 841 F.2d 126, 130 (5th Cir. 1988)). The Court agrees with Plaintiff. While it appears to be true that, after removal, Defendants repeatedly notified Mr. Erikson of the potential deficiencies in Plaintiff's complaint, Doc. 16-1, Defs.' App., 20–28, 31–35, the Fifth Circuit's more recent case law suggests that a party "cannot be sanctioned simply for [his or] her failure to withdraw pleadings filed in state court that would have violated [R]ule 11 had they been filed in federal court." *Edwards*, 153 F.3d at 245. To impose sanctions, a court "must be able to point to some federal filing in which the sanctioned attorney violated [Rule 11]," *Id.*; *Scott v. Wollney*, 2021 WL 4851848, at *7 (N.D. Tex. Sept. 16, 2021), *report & recommendation adopted*, 2021 WL 4845778 (N.D. Tex. Oct. 18, 2021); *cf. In re Smyth*, 242 B.R. 352, 359 (W.D. Tex. Mar. 3, 1999) (stating that *Edwards* "indicate[s] that the dicta in *Foval* may no longer hold true").

So, the Court considers only Plaintiff's federal filings, namely its responses to Defendants' motions to dismiss, to stay discovery, and for sanctions. Docs. 11, 17, 21.

Defendants contend that Plaintiff should be sanctioned because it "has now filed [the above] papers subject to Rule 11 *in this Court*." Doc. 19, Defs.' Reply. Defendants cite *In re Smyth*, a case where the court upheld sanctions after an attorney signed and filed in a removed state court lawsuit "at least three additional pleadings . . . [that] each support[ed] the imposition of sanctions under Rule 11." 242 B.R. 352, 360 (W.D. Tex. 1999). *Smyth* can be distinguished from the case at bar. In that case, the attorney "clearly indicate[d] [his] intention, at that time, to pursue and advocate the

frivolous claims brought." *Smyth*, 242 B.R. at 360. By contrast, Plaintiff's response to Defendants' motion to dismiss concedes that "Pulse is not seeking damages from Defendants Noetic's breaching of the Distribution Agreement." Doc. 11, Pl.'s Resp. Mot. Dismiss, 7. Similarly, Plaintiff's responses to Defendants' motions to stay discovery and for sanctions do not address, much less continue to pursue, Count Two. Doc. 17, Pl.'s Resp. Mot; Doc. 21, Pl.'s Resp. Mot. Stay Discovery.

Defendants also imply the existence of a continuing duty on attorneys to ensure that the pleadings are in compliance with Rule 11, citing a case from the Sixth Circuit. Doc. 19, Defs.' Reply, 2 (citing *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335–36 (6th Cir. 1988)). The Fifth Circuit, however, asserts that "[R]ule 11 does not impart a continuing duty, but requires only that each filing comply with its terms as of the time the paper is signed." *Edwards*, 153 F.3d at 245 (citing *Thomas*, 836 F.2d at 874; *see also Mayfield v. O.K.K. Trading, Inc.*, 2013 WL 12138594, at *4 (E.D. Tex. Aug. 6, 2013); *Holden v. Ill. Tool Works, Inc.*, 2009 WL 2044649, at *3 (S.D. Tex. July 8, 2009), *aff'd*, 429 F. App'x 448 (5th Cir. 2011).

In sum, there is no indication from Plaintiff's federal filings that Plaintiff conveyed any intention to continue to assert Count Two; therefore, Defendants' motion is **DENIED**.

C.     *Failure to Meet and Confer*

It is unclear whether Defendants intended for Mr. Erikson's allegedly ignoring multiple requests to meet and confer and send initial disclosures to stand as an argument for Rule 11 sanctions. Moreover, Defendants do not address this point in their reply. Doc. 19, Defs.' Reply. Nevertheless, if this was an argument under Rule 11, the Court rejects it.[2]

---

[2] "Rule 11 does not apply to discovery disputes or to settlement efforts." *Scott*, 2021 WL 4851848, at *7. Rather, in order to impose sanctions under Rule 11, the court "must be able to point to some *federal filing* in which the sanctioned attorney violated that rule." *Id.* (quoting *Edwards*, 153 F.3d at 245. *See*

D. *Whether Defendants Should Be Sanctioned for Filing Their Rule 11 Motion*

Finally, Plaintiff claims in its response that Defendants should be subjected to sanctions for filing their motion for an improper purpose. Doc. 17, Resp. Mot., 1–2. Because this issue has not been adequately argued or briefed, the Court declines to consider it at this time.

### IV.

### CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Motion for Rule 11 Sanctions (Doc. 16).

**SO ORDERED**.

**SIGNED: June 15, 2022.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

*also Ayissi v. Kroger Tex., L.P.*, 2020 WL 6703844, at *9 (S.D. Tex. Nov. 13, 2020) ("Conduct that does not involve a filing, however, does not fall within the ambit of Rule 11."), *aff'd*, 849 F. App'x 489 (5th Cir. 2021).