UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PULSE SUPPLY CHAIN SOLUTIONS, INC., § § § Plaintiff, § § v. § § ANDRE TAGLIAMONTE and STEVE § EMERY, § § Defendants. § § § § | CIVIL ACTION NO. 3:21-CV-2706-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Pulse Supply Chain Solutions, Inc. ("Pulse")'s Motion for Reconsideration (Doc. 72). Because Pulse has shown no basis for reconsideration, the Motion is **DENIED.**

### I.

### BACKGROUND

This case began almost two years ago, when Pulse filed its complaint against Defendants Andre Tagliamonte and Steve Emery in Dallas County, Texas state court. *See* Doc. 1, Notice Removal, ¶ 1. Pulse alleged that Defendants, who were both employed by Noetic, Inc., breached nondisclosure agreements[1] and distribution agreements. *See* Doc. 1-1, Orig. Pet., ¶¶ 4, 13. Ultimately, Pulse filed a Motion to Dismiss under Federal Rule of Civil Procedure 41(a)(2). Doc. 44, Mot. Dismiss. The Court granted this Motion on August 31, 2022, and closed the case. Doc.

---

[1] Defendants maintained that they never signed these nondisclosure agreements and their signatures were either forged or transplanted from a check-in form they signed upon arriving at Pulse's office for a meeting. At the sanctions hearing held on June 23, 2023, both Defendants testified under oath that they were never aware of any nondisclosure agreements between themselves and Pulse.

46, Order. On December 30, 2022, Defendants filed a Motion for Sanctions against Pulse, alleging Pulse and its counsel knowingly pursued a frivolous case against them. Doc. 47, Mot. Sanctions. Defendants asked the Court to require Pulse and its counsel to pay all attorneys' fees and expenses they incurred defending themselves in this litigation. *Id.* at 22.

The Court held a hearing on June 22, 2023. Defendants brought numerous exhibits and several witnesses to demonstrate Pulse and its counsel had maintained this case in bad faith. Pulse did neither. In fact, no representative from Pulse attended the hearing. Based on the parties' briefing and the evidence presented at the hearing, the Court concluded Pulse and its counsel acted in bad faith by pursuing a frivolous case against Defendants. It ordered Pulse and its counsel to pay Defendants' reasonable attorney's fees and granted Defendants' Motion for Sanctions (the "Sanctions Order"). Doc. 68, Mem. Op. & Order, 12. Pulse filed this Motion for Reconsideration on August 9, 2023. Doc. 72, Mot. Reconsideration. The Court considers it below.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not recognize a general motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). "Rather, courts treat such motions as motions pursuant to either Rule 54(b), 59(e), or 60 depending on when the motion is brought and the type of order that the party requests the Court to reconsider." *Mehar Holdings, LLC v. Evanston Ins. Co.*, 2016 WL 5957681, at *2 (W.D. Tex. Oct. 14, 2016). Under Federal Rule of Civil Procedure 54(b),[2] a district court may reconsider and

---

[2] Pulse does not cite which Federal Rule of Civil Procedure it brings its Motion under. In fact, Pulse cites no legal authority in its Motion whatsoever. However, because the Court's sanctions order did

reverse a prior interlocutory order. *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam). The Court may "reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336. "The district court's discretion in this respect is broad." *Brown v. Wichita Cnty.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (O'Connor, J.) (citing *Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414–15 (5th Cir. 1993)).

Nevertheless, Rule 54(b) motions for reconsideration "have a narrow purpose" and "are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Charalambopoulos v. Grammar*, 2016 WL 5942225, at *2 (N.D. Tex. Oct. 13, 2016) (Fitzwater, J.). And the Court's broad discretion under Rule 54(b) "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Turk v. Pershing LLC*, 2019 WL 13074701, at *1 (N.D. Tex. Aug. 1, 2019) (Godbey, J.).

## III.

## ANALYSIS

Pulse makes no legal arguments as to why the Court's Sanctions Order should be reconsidered. Instead, Pulse summarizes the evidence it attaches to its Motion and details Defendants' alleged misconduct in this case. *See* Doc. 72, Mot. Reconsideration. These allegations and additional evidence are insufficient to warrant reconsideration of the Court's sanctions order.

---

not "end the action," the Court finds Pulse's Motion should be considered under Federal Rule of Civil Procedure 54(b). *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (finding an order was interlocutory because it did not end the action) (citing Fed. R. Civ. P. 54(b)).

Pulse cannot now relitigate the factual findings in the Court's Sanctions Order. After presenting no evidence at the hearing, Pulse now attaches three appendices of evidence to its Motion to refute Defendants' evidence. *See* Docs. 73–75. However, this influx of evidence is too little, too late. Motions for reconsideration "are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Charalambopoulos*, 2016 WL 5942225, at *2. Pulse chose to present no evidence at the hearing. It cannot now walk back its decision because its previous strategy resulted in an unfavorable ruling.

And while Pulse argues it was blindsided by Defendants' affidavit of a former Pulse employee, which discredited the non-disclosure agreements at issue in this case, it does not appear the exhibit was untimely provided to Pulse. *See* Doc. 56, Order, 1 (requiring the parties to "provide the opposing party and the Court with copies of their exhibits by June 20, 2023"); Doc. 72, Mot. Reconsideration, 1, 17–18 (arguing Defendants sent it to Pulse "at about 8:21 p.m. on June 20, 2023, well after the close of business on the last day for the Parties to submit evidence" and that Pulse could not have anticipated the affidavit "would distort the truth"). Further, Pulse did not raise any such objection to this exhibit at the sanctions hearing. Finally, given Pulse presented no evidence at the hearing, the Court is skeptical that this affidavit was the reason Pulse "[was] not able to respond" to Defendants' evidence. *See* Doc. 72, Mot. Reconsideration, 17.

Finally, any alleged misconduct by Defendants is immaterial to the Court's finding that Pulse acted in bad faith. If Pulse wishes to pursue sanctions against Defendants for their conduct throughout this case, it may do so in a separate motion. But such an argument is not grounds for reconsideration.

## IV.

## CONCLUSION

While the Court has broad discretion in considering a motion under Rule 54(b), it finds no reason to grant reconsideration here. Pulse raises arguments and evidence it could have raised at the sanctions hearing. These arguments are an insufficient basis for reconsideration. *See Charalambopoulos*, 2016 WL 5942225, at *2. For these reasons, Pulse's Motion (Doc. 72) is **DENIED**. Additionally, Defendants' request to further supplement their fees and expenses is **DENIED**.

SO ORDERED.

SIGNED: August 31, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE